KEVIN V. RYAN (CABN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

MARK L. KROTOSKI (CABN 138549)
MATTHEW A. LAMBERTI (DCBN 460339)
Assistant United States Attorneys

Attorney for Plaintiff
United States of America

    150 Almaden Blvd., Suite 900
    San Jose, California  95113
    Telephone: (408) 535-5065

*E-FILED - 3/2/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 05-00641-RMW |
|     Plaintiff, ) | |
| v. ) | ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| YE TENG WEN, ) | |
|     aka Michael Wen, and ) | |
| HAO HE, ) | |
|     aka Kevin He, ) | |
|     Defendants. ) | |

On February 27, 2006, the above-captioned case came on for a status conference hearing. Defendant Ye Teng Wen, who was present, was represented by defense attorney Vicki Young, and defendant Hao He, who was present, was represented by defense attorney Richard Pointer. The United States was represented by Assistant U.S. Attorneys Mark L. Krotoski and Matthew A. Lamberti.

At the hearing, the Court set a status conference for April 24, 2006 at 9:00 a.m. The parties agreed and the Court independently found that time should be excluded under the Speedy

[] ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
CR 05-00641-RMW

1  Trial Act from February 27, 2006 through and until April 24, 2006, to allow counsel time to
2  prepare for trial, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv) (reasonable time
3  necessary for effective preparation taking into account the exercise of due diligence and
4  continuity of counsel).

     Specifically, the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial, after considering the relevant factors:

(i)     The failure to grant such a continuance in the proceeding would be likely to result in a miscarriage of justice since the defense needs reasonable time to prepare for trial and pursue other investigation, particularly given the discovery provided (including approximately 28 pallets of evidence obtained in the case and which the defense has reviewed on one occasion in a warehouse), and the number of witnesses involved in the case; the parties have also been discussing valuation issues in the event the case may resolve.

(ii)     The failure to grant such a continuance would deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

(iii)     The request for the exclusion of time is reasonable and specifically limited in time until April 24, 2006, after allowing time for reasonable time for investigation and preparation.

     For the foregoing reasons, the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial, and given that the defense needs reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. S 3161(h)(8)(A).

     This written order memorializes the oral rulings of the Court made on February 27, 2006.

Dated: March 2, 2006

                                                  /s/ Ronald M. Whyte
                                              RONALD M. WHYTE
                                              United States District Judge